UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LISA ISMAIL MITCHELL, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 1:11-cv-01563-SEB-MJD |
| | ) | |
| TACONIC FARMS, INC., | ) | |
|         Defendant. | ) | |

**Entry Discussing Partial Motion to Dismiss**

Plaintiff Lisa Ismail Mitchell sued her former employer Taconic Farms, Inc. under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Ms. Mitchell seeks compensation for her animal-related allergies and nasal surgery caused or necessitated by her employment at Taconic Farms. Taconic Farms seeks dismissal of Ms. Mitchell's claim for compensation due to "life compromising procedures due to working with their mice and rats" for lack of subject matter jurisdiction on the basis that the exclusivity provision of the Indiana Worker's Compensation Act bars this claim. Ms. Mitchell responds that her worker's compensation claims were denied and therefore she should not be barred from pursuing her claim for "animal allergy suffering" resulting from her employment at Taconic Farms.

For the reasons explained below, Taconic Farm's partial motion to dismiss [12] is **granted.**

**Standard of Review**

Indiana courts have held that objections based on the exclusivity provision of the Indiana Worker's Compensation Act (the "Act") should be brought as a motion to dismiss for lack of subject matter jurisdiction. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001) (citing Indiana Trial Rule 12(B)(1)). However, the Seventh Circuit has instructed that a federal district court should analyze such a motion as a motion to dismiss for failure to state a claim upon which relief may be granted under *Federal Rule of Civil Procedure* 12(b)(6). *Tacket v. Gen. Motors Corp.*, 93 F.3d 332, 334 (7th Cir. 1996) (stating that when a defendant argues that a federal district court lacks subject matter jurisdiction over a state claim because a state court would lack subject matter jurisdiction, then the defendant is arguing that the plaintiff "has failed to state a claim upon which relief can be granted" and "[t]he defendant's motion . . . is more properly characterized as a motion to dismiss under

Fed. R. Civ. P. 12(b)(6)"). A plaintiff has the burden to show why her claims should be allowed to go forward in spite of the Act's exclusivity provision. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994) ("[W]hen the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act.").

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc*, 67 F.3d 605, 608 (7th Cir. 1995). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks, ellipsis, citations, and footnote omitted). *Id.* "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff can also plead herself out of court if she pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## Discussion

Taconic Farms argues that Ms. Mitchell's exclusive remedy for any alleged physical injuries arising out of her employment with Taconic Farms is pursuant to the Act.

The Act expressly states that the compensation it provides to employees excludes all other rights and remedies available to them for accidental personal injury or death arising out of their employment. Under the Act, "[t]he rights and remedies granted to an employee . . . on account of personal injury . . . by accident shall excluded all other rights and remedies of such employee . . . on account of such injury . . . except for [remedies for compensating victims of violent crimes]." Ind. Code. § 22–3–2–6. A claim qualifies under the Worker's Compensation Act if it is a personal injury arising out of and in the course of employment. *House v. D.P.D., Inc.*, 519 N.E.2d 1274, 1275 (Ind. App. 1988). "An injury arises out of employment when there is a causal relationship between the injury and the employment." *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 975 (Ind. 1986). "In the course of the employment" refers to the time, place, and circumstances under which the injury occurs. *Wine–Settergren v. Lamey*, 716 N.E.2d 381, 390 (Ind. 1999). The exclusivity provision of the Act applies to any personal injury encompassing physical injury, disability, or impairment. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1288

(Ind. 1994). An "impairment" encompasses "an injured employee's loss of physical functions." *Id.* That is precisely what Ms. Mitchell alleges in this case: "animal allergy" suffering and a related surgery which developed as a result of working with Taconic Farms' mice and rats. Ms. Mitchell expressly seeks, in her Prayer for Relief, "financial relief . . . because of the medical illness that I developed during my employment at Taconic."

In response, Ms. Mitchell explains she previously pursued Worker's Compensation benefits for her allergies and nasal surgery and was denied compensation on the basis that she "could not prove that the allergies I suffered, was from working with Taconic's mice and rats." Dkt. 15 at p.1. Ms. Mitchell argues that her medical records are evidence that she suffered from animal related allergies while employed at Taconic Farms.[1] This argument is not persuasive. Regardless of the outcome of her Worker's Compensation claim, the Act remains the exclusive remedy for injuries sustained in the course of employment. Ms. Mitchell's alleged injury is compensable only (if at all) under the Act.

For the reasons stated above, Ms. Mitchell's claims for compensation for injuries which arose during and as a result of her employment with Taconic Farms must be dismissed for failure to state a claim upon which relief may be granted.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**


Date: _09/24/2012_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LISA ISMAIL MITCHELL
809 North A Street #4
Richmond, IN 47374

All Electronically Registered Counsel

---

[1] Ms. Mitchell also argues that her race discrimination claim should proceed as submitted. There is no pending motion to dismiss her race discrimination claims.